JERRY ALFRED BOYD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boyd v. Commissioner
Docket No. 29497-88
United States Tax Court
T.C. Memo 1989-421; 1989 Tax Ct. Memo LEXIS 419; 57 T.C.M. (CCH) 1269; T.C.M. (RIA) 89421; August 14, 1989
Jerry Alfred Boyd, pro se. Catherine L. Campbell, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Chief Judge: This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code. [1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL *420 TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. Respondent, in his notices of deficiency dated August 12, 1988, determined deficiencies and additions to tax for the taxable years 1983 and 1985 as follows: Addition
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654(a)
1983
$ 7,656
$ 1,914.00
$ 382.00
50% of the in-
$ 547.36
terest due on
the deficiency
1985
$ 3,729
$   932.25
$ 186.45
50% of the in-
$ 213,69
terest due on
the deficiency
In the notices of deficiency respondent determined that petitioner failed to file Federal income tax returns for the years in issue. Respondent further determined that petitioner received wages and other income for the taxable years 1983 and 1985. A timely petition was filed. At the time of filing the petition herein, petitioner resided at Talkeetna, Alaska. In the petition and amendment to petition, petitioner makes claims that have been described on many prior occasions as tax protestor arguments. For example, *421 petitioner alleges that the Commissioner erred by failing to allow costs necessarily incurred in exercising his right to provide labor. He further alleges in his amendment to petition that his gross receipts do not constitute taxable income. Rule 34(b)(4) provides that the petition shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. * * *" Further, Rule 34(b)(5) provides that the petition shall contain "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error * * *." No justiciable error has been alleged in the petition with respect to respondent's determination of the deficiency, and no facts in support of such error are set forth therein. The absence in the petition of specific justiciable allegations of error and of supporting facts compels this Court to grant respondent's motion. See ; ; . There is no doubt that *422 petitioner bears the burden of proof to establish that respondent's determination is erroneous. Rule 142. It is equally clear that any issues not raised in the assignments of error shall be deemed to be conceded. . It is well settled that wages received in exchange for services rendered constitute taxable income. , affd. per curiam ; . Petitioner bears the burden of proof with respect to the additions to tax. . Petitioner has not alleged any justiciable error with respect to these additions. Accordingly, respondent's determination with respect to the deficiencies and additions to tax is sustained. At the hearing held on this matter, the Court advised petitioner of the provisions of section 6673. Despite the admonition, petitioner continued to maintain that the wages he received were not taxable income. The arguments made by petitioner are a regurgitation of thoroughly discredited *423 positions and are totally without merit. , affd. ; ; ; . We find petitioner's positions are frivolous and groundless and that this action has been instituted and maintained primarily for delay. Accordingly, damages will be awarded to the United States under the provisions of section 6673 in the amount of $ 4,000. An order and decision will be entered granting the respondent's motion to dismiss for failure to state a claim upon which relief can be granted and awarding damages. Footnotes
1. This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as in effect for the tax years at issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩